# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued March 18, 2015        Decided May 5, 2015

No. 14-1052

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, US
CUSTOMS AND BORDER PROTECTION SCOBEY, MONTANA,
PETITIONER

v.

FEDERAL LABOR RELATIONS AUTHORITY,
RESPONDENT

NATIONAL TREASURY EMPLOYEES UNION,
INTERVENOR

———

On Petition for Review of an Order
of the Federal Labor Relations Authority

———

*Mark W. Pennak*, Attorney, U.S. Department of Justice, argued the cause for petitioner. With him on the briefs was *Leonard Schaitman*, Attorney. *Howard S. Scher*, Attorney, entered an appearance.

*Fred B. Jacob*, Solicitor, Federal Labor Relations Authority, argued the cause for respondent. With him on the brief were *Zachary R. Henige*, Deputy Solicitor, and *Stephanie J. Sverdrup Stone*, Attorney.

*Paras N. Shah* argued the cause for intervenor. With him on the brief were *Gregory O'Duden* and *Larry J. Adkins*.

Before: TATEL and MILLETT, *Circuit Judges*, and SENTELLE, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: Although the amount of money at issue in this dispute about overtime pay is small, the amount of energy that the parties have expended fighting over it is not. It has been the subject of arbitration, three Federal Labor Relations Authority decisions, and now this petition for review. It has taken three years and, according to the government, implicates the august constitutional principle of sovereign immunity. Notwithstanding all this time and effort, our task is easy.

We need not belabor the facts. The question presented is whether Customs and Border Protection must provide a border guard, whom an arbitrator found was wrongfully denied an overtime opportunity in violation of Customs' assignment policy, with monetary compensation under the Back Pay Act, 5 U.S.C. § 5596(b)(1) (authorizing back pay awards to employees "affected by an unjustified or unwarranted personnel action"), or merely the next available overtime opportunity pursuant to the agency's assignment policy, *see* Revised National Inspectional Assignment Policy, Section B.6 ("The remedy for a missed overtime opportunity due to administrative error shall be provision of the next overtime opportunity to the affected employee."). According to Customs, subsection (b)(4) of the Back Pay Act, which provides that "[t]he pay . . . under this section . . . shall not exceed that *authorized by the applicable . . . regulations* . . . under which the unjustified or unwarranted

personnel action is found," 5 U.S.C. § 5596(b)(4) (emphasis added), limits the guard's remedy to the terms of its assignment policy. In a series of decisions, the Authority rejected Customs' reading of subsection (b)(4) and ruled that even if the Back Pay Act limits awards to the terms of the agency's assignment policy, that policy was inapplicable in this case because it applies only in situations involving "administrative error" and the arbitrator had concluded that the denial of overtime was "more than a mere mistake." *NTEU, Chapter 231 and U.S. Department of Homeland Security, U.S. Customs and Border Protection, Scobey, Montana*, 66 FLRA 1024 (Sep. 25, 2012) (internal quotation marks omitted); *NTEU, Chapter 231 and U.S. Department of Homeland Security, U.S. Customs and Border Protection, Scobey, Montana*, 67 FLRA 67 (Dec. 12, 2012)*; NTEU, Chapter 231 and U.S. Department of Homeland Security, U.S. Customs and Border Protection, Scobey, Montana*, 67 FLRA 247 (Feb. 11, 2014). The Authority therefore awarded back pay, and Customs now petitions for review. The Authority argues that we lack jurisdiction, and we agree.

Section 7123 of the Federal Service Labor-Management Relations Statute vests this court with jurisdiction to review the Authority's final orders "other than an order . . . involving an award by an arbitrator." 5 U.S.C. § 7123(a)(1). As we explained in *Griffith v. Federal Labor Relations Authority*, 842 F.2d 487 (D.C. Cir. 1988), Congress imposed this limitation in order to protect "the features of the arbitral process that . . . Congress had in mind when it set up the scheme: finality, speed and economy." *Id.* at 491. We have nonetheless exercised jurisdiction in a narrow category of arbitral cases. In *Griffith*, we held that though there was "unusually clear congressional intent generally to foreclose review" of "nonconstitutional claims . . . Congress's language was not specific enough to foreclose review" of

"constitutional challenges." *Id.* at 490. Then, in *United States Department of Treasury, United States Customs Service v. Federal Labor Relations Authority*, 43 F.3d 682 (D.C. Cir. 1994), we added a second exception for cases where "the Authority exceeds its jurisdiction," explaining that the Authority has jurisdiction only over statutes that were "fashioned for the purpose of regulating the working conditions of employees." *Id.* at 691.

This case implicates neither exception. The Authority applied a statute within its purview, the Back Pay Act, *see Treasury*, 43 F.3d at 689 (explaining that the Back Pay Act "undisputedly was designed to deal directly with employee working conditions"), and the case presents no constitutional question, as that statute waives sovereign immunity, *see* 5 U.S.C. § 5596. Recognizing as much, Customs argues that when "the Authority has awarded back pay in violation of the Back Pay Act," it "violat[es] . . . sovereign immunity" and the "order exceeds its jurisdiction and is thus reviewable under this Court's decision in *Treasury*." Petitioner's Br. 15 (internal quotation marks omitted); *see also id.* at 24 (grounding the same argument in the Appropriations Clause, U.S. Const. Art. I, § 9, cl. 7). This is incorrect. Routine statutory and regulatory questions—in this case, the meaning of the "shall not exceed" clause in the Back Pay Act and "administrative error" in Customs' assignment policy—are not transformed into constitutional or jurisdictional issues merely because a statute waives sovereign immunity. Otherwise, Congress's creation of a mostly unreviewable system of arbitration would be eviscerated, as every Authority decision involving an arbitral award arguably in excess of what the Back Pay Act authorizes would be reviewable. To make matters worse, as Customs concedes, Oral Arg. Rec. at 1:09–2:05, this evisceration would be distinctly asymmetrical: when the Authority awards back pay, the government could

seek judicial review, but when the Authority denies back pay, the employee would have no recourse because only decisions adverse to the government could implicate sovereign immunity. As we said of a similar argument in *Treasury*, "[t]hat seems to us to be a labored, even silly, construction of the statute." *Treasury*, 43 F.3d at 688.

Customs insists that this conclusion "has to be wrong, as it would mean that there could be no review over the Authority's interpretation of the Back Pay Act no matter how extreme that application was and no matter how gigantic the liability imposed on the Treasury." Petitioner's Reply Br. 4 (internal quotation marks omitted). We have two responses. First, this is exactly what Congress intended. Section 7123's plain language "removes [Authority] decisions reviewing arbitral awards from judicial review" unless "the [Authority's] order 'involves an unfair labor practice.'" *Overseas Education Association v. Federal Labor Relations Authority*, 824 F.2d 61, 63 (D.C. Cir. 1987) (quoting 5 U.S.C. § 7123(a)); *see also* H.R. CONF. REP. NO. 1717, 95th Cong., 2d sess. 153 (1978), U.S. Code Cong. & Admin. News 1978 at 2887 ("[T]here will be no judicial review of the Authority's action on those arbitrators [sic] awards in grievance cases which are appealable to the Authority."). Congress obviously believed that protecting the beneficial "features" of arbitration, *supra* at 3, was more important than providing for judicial review of every arbitral decision. *See City of Arlington, Texas v. FCC*, 133 S. Ct. 1863, 1868 (2013) ("Congress has the power (within limits) to tell the courts what classes of cases they may decide"). Second, this case does not come close to raising the specter Customs fears. Involving just a night's worth of overtime pay, the case turns on either "some marginal nuance of the Back Pay Act," *Griffith*, 842 F.2d at 494, or a phrase in Customs' assignment policy. We thus have no need to decide whether any

alternative avenues of review might exist in the event the Authority egregiously misinterprets the Act.

For the foregoing reasons, we dismiss the petition.

*So ordered.*